## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TODD MOILANEN and NICHOLAS
TALMERS,
      Plaintiffs,

v.

DIMITRI SYLLANTAVOS, TODD
MASSEY, and GLOBAL AMERICAN
TRANSPORT, LLC

Case No.: 1:25-cv-13515

Judge: Charles P. Kocoras

JURY TRIAL DEMAND

### DEFENDANT TODD MASSEY'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Todd Massey, by and through his attorneys Chalos & Co, P.C. and Hicks

Johnson PLLC, submits this answer in response to Plaintiffs Todd Moilanen and Nicholas Talmers'

Complaint, and in support thereof states as follows:

### INTRODUCTION

1.    This civil action concerns a fraudulent shipping vessel investment scheme orchestrated by the Defendants in order to obtain millions of dollars from the Plaintiffs, and others, through false representations, deceit, and artifice.

**ANSWER:**    Defendant denies the allegations of this paragraph.

2.    Defendants utilized interstate wire communications and wire transfers to further their fraudulent scheme, in violation of the protections under 18 U.S.C. §§ 1961 to 1968 ("Civil RICO").

**ANSWER:**    Defendant denies the allegations of this paragraph.

3.    To date, Plaintiffs have wired a combined total of Three Million, Three Hundred Twenty One Thousand, Three Hundred Ninety-Nine U.S. Dollars ($3,321,399 USD) to the Defendants and Defendants' enterprise.

**ANSWER:**    Defendant denies knowledge or information sufficient to respond.

4.     In this civil action, Plaintiffs seek a full recovery of these funds and a money judgment against the Defendants for all available damages, including treble damages and attorney fees pursuant to their Civil RICO claims, amounting to approximately Ten Million U.S. Dollars ($10,000,000 USD), in addition to punitive, exemplary, and all other damages to the fullest extent allowed by law.

**ANSWER:**     This paragraph contains legal conclusions, to which a response is not necessary. To any extent that a response is necessary, this paragraph is denied.

5.     In addition to the Civil RICO claims, Plaintiffs also assert other additional and/or alternative claims in this Complaint for fraud, breach of fiduciary duty, aiding and abetting, and conversion, among other claims.

**ANSWER:**     This paragraph contains legal conclusions, to which a response is not necessary. To any extent that a response is necessary, this paragraph is denied.

## PARTIES, JURISDICTION AND VENUE

6.     Plaintiff Todd Moilanen is an individual and a U.S. citizen domiciled within the State of Michigan.

**ANSWER:**     Defendant denies knowledge or information sufficient to respond.

7.     Plaintiff Nicholas Talmers is an individual and a U.S. citizen domiciled within the State of Michigan.

**ANSWER:**     Defendant denies knowledge or information sufficient to respond.

8.     Defendant Dimitri Syllantavos is an individual and a U.S. and Greek citizen domiciled within the State of Illinois.

**ANSWER:**     Defendant admits the allegations of this paragraph.

9.     Defendant Todd Massey is an individual and a U.S. citizen domiciled within the State of Illinois.

**ANSWER:**     Defendant admits the allegations of this paragraph.

10.     Defendant Global American Transport LLC ("GAT") is a limited liability company formed under the laws of the State of Delaware.

**ANSWER:**    Defendant admits the allegations of this paragraph.

11.    Defendant GAT maintains a principal place of business in the City of Chicago, and within the State of Illinois, where it has conducted and continues to conduct regular and systematic business activities within the State of Illinois.

**ANSWER:**    Defendant denies knowledge or information sufficient to respond.

12.    This Court has subject matter jurisdiction over this civil action pursuant to the Civil RICO statute, 18 U.S.C. § 1964.

**ANSWER:**    Defendant denies knowledge or information sufficient to respond.

13.    Additionally, this Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the Plaintiffs and the Defendants.

**ANSWER:**    Defendant denies knowledge or information sufficient to respond.

14.    For purposes of Federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. 1332, Plaintiffs are both citizens of the State of Michigan; Defendants Syllantavos and Massey are citizens of the State of Illinois; and none of the members of GAT are citizens of the State of Michigan.

**ANSWER:**    Defendant denies knowledge or information sufficient to respond.

15.    This Court has personal jurisdiction over Defendants Syllantavos and Massey because they each conduct regular and systematic business within the State of Illinois, are domiciled within the State of Illinois, and maintain a personal residence within the State of Illinois.

**ANSWER:**    Defendant denies knowledge or information sufficient to respond.

16.    This Court has personal jurisdiction over Defendant GAT because it maintains an office and conducts regular and systematic business within the State of Illinois.

**ANSWER:**    Defendant denies knowledge or information sufficient to respond.

17.    Venue is proper in this judicial district pursuant to 18 U.S.C. § 1965 and 28

U.S.C. § 1391, for example, because Defendants are all subject to personal jurisdiction in this judicial district and the individual Defendants reside within this judicial district.

**ANSWER:**     Defendant denies the allegations of the paragraph.

## FACTS AND BACKGROUND

18.     Defendant Syllantavos is involved in the ocean freight and shipping business and held himself out to the Plaintiffs as a highly successful, knowledgeable, seasoned and experienced, specialized expert in the ocean freight and shipping business.

**ANSWER:**     Defendant denies the allegations of this paragraph.

19.     In 2022, Defendant Syllantavos presented Plaintiffs with a proposed profit-making business and investment opportunity concerning the formation of a separate and new joint venture business partnership among them to invest capital in order acquire and own shipping vessels, independently from Defendants' existing chartering business, GAT, and to correspondingly share in all profits and proceeds generated by the use of the shipping vessels in proportion to their equity investments

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

20.     To entice the Plaintiffs into wiring their money to the Defendants' enterprise, Defendant Syllantavos represented, assured, and promised both of the Plaintiffs that:

- Defendant Syllantavos and the Plaintiffs would form a new and separate partnership and joint venture entity among them as individual equity owner investors that would acquire and own shipping vessels that would be chartered by GAT to generate revenues and profits for their separate ship-owning joint venture partnership;

- Plaintiffs' funds would only be used by this new and separate joint venture partnership among them and only used for the purchase of the shipping vessels and necessary shipowner expenses;
- Plaintiffs would have documented and enforceable equity ownership interests in the shipping vessels based on the amount of their investments in proportion to the final acquisition costs of the vessels;
- Defendant Syllantavos would oversee, manage, and take personal responsibility to ensure that Plaintiffs' investments would only be used to acquire and secure ownership rights in the shipping vessels for the Plaintiffs and Defendant Syllantavos, through their separate joint venture partnership, and for no other purposes; and

- Once the acquisition costs were finalized, the parties would form separate holding companies that owned special purpose entities that would in turn own the shipping vessels and the specific entity structuring would be finalized and documented to achieve the most favorable tax treatment and to protect and preserve the Plaintiffs' ownership rights, their respective equity, and their respective investments.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

21.     Among other things, Defendant Syllantavos represented to the Plaintiffs that he was the President and CEO of a business called Global American Transport ("GAT"), which he claimed was an established and profitable Chicago-based dry-bulk sea-transport freight vessel operator, that he had sufficient capital to fund his own personal investment in the new independent ship-owning joint venture partnership, and that neither he nor GAT needed any investment from the Plaintiffs but was making a special exception in order to allow Plaintiffs the opportunity to invest and participate.

**ANSWER:**     Defendant denies knowledge or information sufficient to respond.

22.     Among other things, Defendant Syllantavos represented to the Plaintiffs that Defendant Syllantavos was the President and CEO of GAT and that Defendant Todd Massey was the CFO of GAT.

**ANSWER:**     Defendant denies knowledge or information sufficient to respond.

23.     Among other things, Defendant Syllantavos, on behalf of the Defendants collectively and in concert, represented to the Plaintiffs that GAT utilized a fleet of approximately thirty (30) vessels that were long-term chartered, and that GAT had the long-term customer relationships and the need for additional vessels and capacity because of the existing supply and demand for GAT's dry-bulk sea-transport services.

**ANSWER:**     Defendant denies knowledge or information sufficient to respond.

24.     Defendant Syllantavos, on behalf of the Defendants collectively and in concert, represented to Plaintiff Talmers and Plaintiff Moilanen that Plaintiffs could invest with him to become ship owners and enjoy both equity ownership in the shipping vessels and the steady and reliable distribution of profits from the operation of the vessels, without undertaking any of the chartering activities which Defendant Syllantavos would handle separately through GAT.

**ANSWER:**     Defendant denies knowledge or information sufficient to respond.

25.     Defendant Syllantavos, on behalf of the Defendants collectively and in concert, represented to Plaintiff Talmers and Plaintiff Moilanen that Defendant Syllantavos was soliciting Plaintiffs as co-investors, along with Defendant GAT and Defendant Syllantavos personally, and potentially others, to be part of a separate and new stand-alone for profit joint venture partnership among them to pursue the opportunity concerning the acquisition, ownership, and operation of additional shipping vessels, without undertaking the chartering activities which Defendant Syllantavos would handle separately through GAT

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

26.     At the time, Defendant Syllantavos, on behalf of the Defendants collectively and in concert, represented and assured the Plaintiffs that GAT was a financially stable business that was thriving and more than capable of immediately utilizing additional vessels to be jointly purchased by the Plaintiffs and Defendant Syllantavos to generate revenue and profits for the parties' new stand-alone joint venture partnership.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

27.     Among other things, Defendant Syllantavos, on behalf of the Defendants collectively and in concert, represented and assured the Plaintiffs that GAT had revenues exceeding One Hundred Million U.S. Dollars ($100,000,000 USD), EBITDA of over Twenty Million U.S. Dollars ($20,000,000 USD), and assets exceeding Forty Million U.S. Dollars ($40,000,000).

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

28.     Among other things, in order to induce Plaintiffs to invest their money and join Defendant Syllantavos in this separate stand-alone and new joint venture partnership, Defendant Syllantavos, on behalf of the Defendants collectively and in concert, promised and assured the Plaintiffs that Defendant Syllantavos would personally oversee, protect, steward, and manage the Plaintiffs' investments and equity in the shipping vessels, that Defendant Syllantavos would personally ensure that the Plaintiffs' investment would be used only for purposes of the parties' shipping vessel joint venture partnership, and that Defendant Syllantavos would protect and advance the Plaintiffs' best financial interests and act as a trusted fiduciary and prudent manager of the parties' joint venture partnership and the related business activities.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

29.     In October of 2022, among other things, Defendant Syllantavos, on behalf of the Defendants collectively and in concert, provided Plaintiffs Moilanen and Talmers with a Memorandum of Agreement ("MOA") between GAT and the seller concerning the purchase of a

new vessel and financing documents pursuant to which the lender proposed combing the ownership of an existing vessel (the "GAT Feeling") with the ownership of the new vessel (the "GAT Father") in order to deliver financing on terms that Defendant Syllantavos represented was "an overall savings of 3% on the rate and an annualized savings of roughly $400,000, for the 1st year alone" in one combined loan.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

30.     Among other things, on or about October 20, 2022, Defendant Syllantavos, on behalf of the Defendants collectively and in concert, represented to Plaintiffs that "the deposit for the acquisition, according to the MOA, has been wired to the escrow agent (as per our executed MOA) in the amount of $2,537,500 while the balance should be gathered as practically as possible but no later than Friday, October 28, 2022" and that "the exact shareholding and equity figures will be known to all immediately after the transaction's closing date, although funding will need to be completed by Friday, October 28, 2022" and that "all legal documents, including, but not limited to, operating agreements, etc., between all participants should be expected to also be finalized after closing when all the details will be final."

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

31.     Among other things, on or about November 3, 2022, Defendant Syllantavos, on behalf of the Defendants collectively and in concert, represented to Plaintiffs that "we are getting close to the wire here, with expected closing on the acquisition is take place on Thursday, November 10, 2022" and that "I will distribute bank details for wire instructions as I would need you to wire-in your participations on Monday, November 7 so we are aligned."

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

32.     Among other things, on or about November 3, 2022, Defendant Syllantavos, on behalf of the Defendants collectively and in concert, represented to Plaintiffs that: "Also, last,  but certainly not least, we have started structuring the legal structure, with emphasis on minimizing tax exposure for everyone, especially the US-based participants. The most recent discussions that took place in Athens, Tuesday of this week, between us and Stephen Flott of Flott & Co., of Arlington, Virginia (he is the premier tax advisor for the shipping industry,  having every Greek shipowner as client for the last 40 years) was for the purpose of designing the ownership structure but with a special focus on taxation; emphasis on utilizing preferential shipping laws for Greek companies for the respective owners whose income is derived from shipping operations coupled with 'Qualified Dividend' scheme for US-investors that can be exposed to 20% tax bracket versus almost 50% bracket on combined Federal & State levels.  Now this is great news!! Such initial tax opinion will be presented next week and such structure will be used as the basis of our internal

relationship. I don't expect to have a final structure in place next week, but we will get it done as soon as practically possible."

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

33.     Among other things, on or about November 3, 2022, Defendant Syllantavos, on behalf of the Defendants collectively and in concert, also represented to Plaintiffs that following the re-financing of the GAT Feeling combined with the acquisition of the GAT Father, the "Equity for both Vessels is" "GAT Father $5,819,500" and "GAT Feeling $5,394,491" with "TOTAL EQUITY BOTH VESSELS: $11,213,991."

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

34.     In reliance upon the knowingly false promises, representations, and assurances of Defendant Syllantavos, made on behalf of the Defendants collectively and in concert, Plaintiffs were induced into wiring money pursuant to wire transfer instructions provided by Defendant Syllantavos, on behalf of the Defendants collectively and in concert.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

35.     Among other things, Defendant Syllantavos, on behalf of the Defendants collectively and in concert, promised and assured the Plaintiffs that formal legal documents would be prepared and implemented to memorialize the new separate stand-alone joint venture partnership based on tax advice concerning the most tax-effective structuring.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

36.     Among other things, Defendant Syllantavos, on behalf of the Defendants collectively and in concert, induced Plaintiffs to wire money pursuant to wire transfer instructions provided by Defendant Syllantavos, on behalf of the Defendants collectively and in concert, by claiming that the opportunity to acquire the vessel would be lost if the parties waited to formally memorialize the new separate stand-alone joint venture partnership before the proposed vessel acquisition was funded.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

37.     Defendant Syllantavos made the false representations and hollow promises with the full knowledge and consent of Defendant Massey acting together in a concerted effort to obtain wire transfers of funds from the Plaintiffs through their scheme of fraud and artifice.

**ANSWER**:    Defendant denies the allegations of this paragraph.

38.    The Defendants used the same scheme to obtain wire transfers from other victims as well.

**ANSWER**:    Defendant denies the allegations of this paragraph.

39.    In reality, the Defendants never intended to apply and use the Plaintiffs' money as they claimed and Defendants were secretly intending to obtain the Plaintiffs' money via wire transfers of funds, and wires of funds from others using the same scheme, in order to pay debts and obligations that the Defendants could not otherwise satisfy at the time, to fund distributions to themselves personally, and to otherwise "rob Peter to pay Paul" through a fraudulent scheme under the guise of a legitimate investment opportunity that was in reality a ruse and an artifice employed to defraud the Plaintiffs and obtain wire transfers of money from the Plaintiffs and others which the Defendants never intended to use in the manner they claimed at all.

**ANSWER**:    Defendant denies the allegations of this paragraph.

40.    The fact that Defendant Syllantavos never intended to honor the representations and promises that he made to the Plaintiffs at the time that he made them is further evidenced, for example, by the following:

- Upon receipt, Defendants never segregated the Plaintiffs' funds, never held them in trust, and never used or attempted to use them as promised, and instead immediately comingled the Plaintiffs' funds and immediately began using them to pay obligations of GAT instead of using them for the specific purposes that were promised when Plaintiffs were enticed to wire their funds to the Defendants;
- Defendant Syllantavos, on behalf of the Defendants collectively and in concert, used holding companies that were documented as 100% owned by GAT and never intended to implement the parties' joint venture partnership that he promised would be created as soon as the final acquisition costs were settled and known; and
- Defendant Syllantavos, on behalf of the Defendants collectively and in concert, engaged in financing transactions with lenders to re-finance and to acquire the shipping vessels without disclosing the Plaintiffs' investments or their corresponding equity ownership interest in the vessels to the lenders.

**ANSWER**:    Defendant denies knowledge or information sufficient to respond.

41.    Pursuant to Defendant Syllantavos' promises, representations, and instructions, made by and on behalf of the Defendants collectively and in concert, Plaintiff Moilanen wired One Million, One Hundred Twenty-One Thousand, Three Hundred Ninety-Nine U.S. Dollars ($1,121,399 USD) on or about November 7, 2022.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

42.     After enticing Plaintiff Moilanen to wire his investment funds to the Defendants, Defendant Syllantavos provided Plaintiff Moilanen with a "RECEIPT OF US $1,121,399" document dated December 6, 2022, which stated among other things that: "The purpose of said amount of United States Dollars One Million, One-Hundred Twenty-One Thousand, Three-Hundred Ninety-Nine (US $1,121,399) represents the said above person's participation in the acquisition of: [1] MV GAT Feeling and [2] MV GAT Father, in accordance to further terms and conditions to be agreed between the management of GAT and said above Investor. Investor will have to inform GAT of the legal entity that will be used for their respective shareholding in accordance with the agreement between Investor and GAT."

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

43.     Pursuant to Defendant Syllantavos' promises, representations, and instructions made by and on behalf of the Defendants collectively and in concert, Plaintiff Talmers wired Six Hundred Thousand U.S. Dollars ($600,000 USD) on or about March 1, 2022 and then wired an additional Four Hundred Thousand U.S. Dollars ($400,000 USD) on or about November 7, 2022.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

44.     After enticing Plaintiff Talmers to wire his investment funds to Defendants, Defendant Syllantavos provided Plaintiff Talmers with a "RECEIPT OF US $1,000,000" document dated December 6, 2022 which stated in part as follows: "The purpose of said amount of One Million US Dollars (US$1,000,000) represents the said above persons participating, jointly or severally, in the acquisition of: [1] MV GAT Feeling and [2] MV GAT Father, in accordance to further terms and conditions to be agreed between the management of GAT and said above Investor. Investor will have to inform GAT of the legal entity that will be used for their respective shareholding in accordance with the agreement between Investor and GAT."

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

45.     After Plaintiff Moilanen and Plaintiff Talmers had wired their investment funds to the account identified by Defendant Syllantavos pursuant to his instructions made by and on behalf of the Defendants collectively and in concert, Defendant Syllantavos began making a series of unfulfilled promises to further memorialize and formally document the new separate stand-alone joint venture partnership that were consistently followed by more delays and additional excuses.

**ANSWER**:     Defendant denies the allegations of this paragraph.

46.     Among other things, Defendant Syllantavos provided Plaintiffs with a Memorandum dated January 25, 2023 from "Flott & Co. P.C. Attorneys" with a recommended "corporate / tax structure to be used" along with a corresponding diagram of the structure recommended in the Memorandum.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

47.     Defendant Syllantavos, on behalf of the Defendants collectively and in concert, repeatedly assured the Plaintiffs that his promises and the new separate stand-alone joint venture partnership would be honored and further memorialized, but claimed he was too busy and had various purported excuses.

**ANSWER**:     Defendant denies the allegations of this paragraph

48.     Among other things, Defendant Syllantavos provided what he claimed were financial reports and summaries in order to try to placate the Plaintiffs and further postpone and delay.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

49.     On or about December 11, 2023, at the request of Defendant Syllantavos, Plaintiff Moilanen agreed to loan an additional One Million U.S. Dollars ($1,000,000 USD) to GAT pursuant to the terms of a written Promissory Note and wire instructions provided by Defendant Syllantavos, on behalf of the Defendants collectively and in concert.

**ANSWER**:     Defendant admits the allegations of this paragraph.

50.     Pursuant to the terms of the Promissory Note, the entire principal amount and all unpaid accrued interest was due and payable no later than June 11, 2024.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

51.     While Plaintiff Moilanen did receive certain payments in connection with the Promissory Note between January of 2024 and November of 2024, the principal amount and all interest owed was never paid and remains unpaid in breach of the terms of the Promissory Note.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

52.     On or about January 9, 2025, Plaintiff Moilanen provided formal written notice of default to Defendant Syllantavos.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

53.     No further interest payments have been made in connection with the Promissory Note since November of 2024 and no payment whatsoever of the $1,000,000 principal amount, in whole or in part, has ever been made.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

54.     At the request of Defendant Syllantavos, Plaintiff Talmers also loaned an additional Two Hundred Thousand U.S. Dollars ($200,000 USD) to Defendant Syllantavos pursuant to wire instructions from Defendant Syllantavos, on behalf of the Defendants collectively and in concert, and no payments of interest or principal have ever been made.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

55.     When Plaintiffs requested updates regarding their investments in the shipping vessels and sought financial documentation detailing the revenues and expenses of the joint venture partnership, Defendant Syllantavos, acting on behalf of Defendants, arranged and conducted Zoom meetings. During these meetings, he provided backdated unaudited financial statements and speculative projections, consistently representing that the vessels were performing adequately, acknowledging potential for improvement and assuring the Plaintiffs that their investments and ownership interests in the vessels remained secure.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond

56.     When the Plaintiffs became increasingly frustrated with the series of delays and the absence of any distributions, they began to request bank account records and other evidence of what Defendants had actually done with their money.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond

57.     Defendant Syllantavos refused to provide bank records or any other evidence of what actually happened to the Plaintiffs' money and began insisting that the Plaintiffs sign non-disclosure agreements as a condition of providing any accounting or financial records to the Plaintiffs.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond

58. Plaintiffs eventually learned that Defendant Syllantavos, on behalf of the Defendants collectively and in concert, had arranged for cash distributions to be made from the revenues generated by the GAT Feeling and the GAT Father, without notice to or consent from the Plaintiffs, yet no distributions were made to the Plaintiffs at any time.

**ANSWER:** Defendant denies the allegations of this paragraph.

59. Plaintiffs eventually learned that Defendant Syllantavos, on behalf of the Defendants collectively and in concert, has caused at least Two Million, Seven Hundred Seventy-Four Thousand U.S. Dollars ($2,774,000 USD) in cash to be distributed from the revenues generated by the GAT Feeling and the GAT Father, yet no distributions were made to the Plaintiffs at any time.

**ANSWER:** Defendant denies the allegations of this paragraph.

60. Plaintiffs eventually learned that Defendant Syllantavos, on behalf of the Defendants collectively and in concert, had also disregarded Plaintiffs' ownership interests and had in fact arranged for the sale and lease-back of both the GAT Feeling and the GAT Father vessels, without any notice to or consent from the Plaintiffs, and without any repayment of Plaintiffs' ownership equity in the vessels, and had drawn additional equity from the vessels with buy back penalties and restrictions that effectively destroyed Plaintiffs' investments and equity.

**ANSWER:** Defendant denies the allegations of this paragraph.

61. Plaintiffs eventually learned that Defendant Syllantavos, on behalf of the Defendants collectively and in concert, had lied and knowingly misrepresented the financial condition of GAT at the time that Defendant Syllantavos had initially solicited Plaintiffs' investments in the parties' new separate stand-alone joint venture partnership.

**ANSWER:** Defendant denies the allegations of this paragraph.

62. In reality, Defendant Syllantavos, on behalf of the Defendants collectively and in concert, never intended to honor or fulfill any of the promises and representations that they made to the Plaintiffs concerning their new separate stand-alone joint venture partnership.

**ANSWER:** Defendant denies the allegations of this paragraph.

63. Instead, Defendant Syllantavos, on behalf of the Defendants collectively and in concert, fraudulently induced the Plaintiffs into wiring money into accounts that Defendants

controlled and then Defendants used the Plaintiffs' money to pay debts owed to other creditors and to make distributions to themselves personally.

**ANSWER:**   Defendant denies the allegations of this paragraph.

64.   Defendant Syllantavos, on behalf of the Defendants collectively and in concert, employed a "shell game" with various entities and used lies and knowingly false promises to entice the Plaintiffs into wiring their funds into accounts that Defendants controlled, and then Defendants used the Plaintiffs' money to pay off other debts and obligations, essentially "robbing Peter to pay Paul" through deceit and dishonesty.

**ANSWER:**   Defendant denies the allegations of this paragraph.

65.   To date, in reliance upon the false promises, misrepresentations, and hollow assurances of Defendant Syllantavos, on behalf of the Defendants collectively and in concert, Plaintiff Moilanen has wired a total of Two Million, One Hundred Twenty One Thousand, Three Hundred Ninety-Nine U.S. Dollars ($2,121,399 USD) into accounts that Defendants controlled, and Defendants have improperly and fraudulently used these funds to pay debts and obligations that were owed to other creditors and to fund distributions to themselves.

**ANSWER:**   Defendant denies the allegations of this paragraph.

66.   To date, in reliance upon the false promises, misrepresentations, and hollow assurances of Defendant Syllantavos, on behalf of the Defendants collectively and in concert, Plaintiff Talmers has wired a total of One Million, Two Hundred Thousand U.S. Dollars ($1,200,000 USD) into accounts that Defendants controlled, and Defendants have improperly and fraudulently used these funds to pay debts and obligations that were owed to other creditors and to fund distributions to themselves.

**ANSWER:**   Defendant denies the allegations of this paragraph.

## FACTUAL ALLEGATIONS COMMON TO ALL CIVIL RICO COUNTS

67.   The Civil RICO statute defines a "person" as including any "entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3).

**ANSWER**:   This paragraph contains legal conclusions, to which no response is required. To the extent that any response is necessary, the Defendant denies knowledge or information sufficient to respond.

68.     Each Defendant is a "culpable person" as defined under the Civil RICO statute, because, for example, the individual Defendants are natural persons and Defendant GAT is a limited liability company and an entity capable of holding a legal or beneficial interest in property.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

69.     The Civil RICO statute defines an enterprise as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

70.     The Defendants are individuals associated in fact and acting in concert with one another through Defendant GAT, a purported legal entity formed under the laws of the State of Delaware, and through various other purported legal entities, both domestic and foreign, that Defendants utilize and employ as part of their fraudulent scheme.

**ANSWER**:     Defendant denies the allegations of this paragraph.

71.     The Defendants and the Defendants' enterprise are involved in interstate commerce and directly engaged in the production, distribution, or acquisition of goods and services in interstate commerce.

**ANSWER**:     Defendant denies knowledge or information sufficient to respond.

72.     The Defendants are also involved in interstate commerce for purposes of the Civil RICO statute because they used interstate transmissions of e-mail, interstate video-conferencing transmissions, interstate wires, and other instrumentalities of interstate commerce in connection with the Plaintiffs and the Defendants' acts of racketeering under the Civil RICO statute affect interstate commerce.

**ANSWER**:     Defendant denies the allegations of this paragraph.

73.     The Defendants engaged in a "pattern of racketeering" under 18 U.S.C. § 1961(5) because, for example, the Defendants engaged in more than two acts of racketeering activities each within less than ten years of each other that are also related and continuous.

**ANSWER**:     Defendant denies the allegations of this paragraph.

74.     For example, Defendants' acts were "related" for purposes of the Civil RICO statute because Defendants' actions constitute "acts that have the same or similar purposes, results, participants, victims, methods of commission, or otherwise interrelated by distinguishing characteristics and are not isolated events."

**ANSWER**:     Defendant denies the allegations of this paragraph.

75.     Defendants' acts also establish continuity for purposes of the Civil RICO statute because the Defendants engaged in a scheme consisting of a series of related predicate acts extending over a substantial period of time that also presents a threat of continuing criminal conduct.

**ANSWER**:     Defendant denies the allegations of this paragraph.

76.     The predicate acts of "racketeering activity" under 18 U.S.C. § 1961 of the Civil RICO statute include mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343).

**ANSWER**:     Defendant denies the allegations of this paragraph.

77.     Defendants engaged in conduct constituting mail fraud and wire fraud racketeering activity as defined by the Civil RICO statute because, for example, they deployed a plan and scheme to defraud the Plaintiffs and others; they did so with the intent to defraud; it was reasonably foreseeable that the mail or wires would be used; and Defendants actually used the mail or wires to further their fraudulent scheme.

**ANSWER**:     Defendant denies the allegations of this paragraph.

78.     Plaintiffs have standing to assert claims under the Civil Rico statute because, for example, each Plaintiff is a person who sustained injury to their business or property by reason of Defendants' violation of 18 U.S.C. 1962.

**ANSWER**:     Defendant denies the allegations of this paragraph.

## COUNT I - CIVIL RICO § 1962(c)
## AGAINST DEFENDANT SYLLANTAVOS

79.     Plaintiffs hereby incorporate by reference the allegations in paragraphs one through seventy-eight of this Complaint as if repeated again here verbatim.

**ANSWER**:    No response is necessary to this paragraph. To the extent that a response may be necessary, Defendant reincorporates by reference all prior responses as if repeated verbatim.

80.    This Count is against Defendant Syllantavos.

**ANSWER**:    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

81.    This Count is alleged in addition or in the alterative to the other Counts alleged in this Complaint.

**ANSWER**:    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

82.    GAT and the various affiliated entities formed by the Defendants are collectively an enterprise engaged in and whose activities affect interstate commerce. Defendant Syllantavos is employed by or associated with the enterprise.

**ANSWER**:    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

83.    Defendant Syllantavos agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiffs and others.

**ANSWER**:    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

84.    Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts of mail fraud and wire fraud.

**ANSWER**:    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

85.    The acts of mail fraud and wire fraud set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

**ANSWER**:    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

86.    Defendant Syllantavos directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

**ANSWER**:    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

87.    As a direct and proximate result of the Defendant Syllantavos' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiffs have been injured in their business and property, in that they have lost more than Three Million, Three Hundred Twenty One Thousand, Three Hundred Ninety-Nine U.S. Dollars ($3,321,399 USD), for example, in addition to other damages for which Defendants' unlawful conduct is the but for cause.

**ANSWER**:    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

## COUNT II - CIVIL RICO § 1962(c)
## AGAINST DEFENDANT MASSEY

88.    Plaintiffs hereby incorporate by reference the allegations in paragraphs one through seventy-eight of this Complaint as if repeated again here verbatim.

**ANSWER**:    No response is necessary to this paragraph. To the extent that a response may be necessary, Defendant reincorporates by reference all prior responses as if repeated verbatim

89.    This Count is against Defendant Massey.

**ANSWER**:    This paragraph contains a legal conclusion, to which a response is not necessary. To the extent that a response is necessary, the Defendant denies the accusation

90.    This Count is alleged in addition or in the alterative to the other Counts alleged in this Complaint.

**ANSWER**:     This paragraph contains a legal conclusion, to which a response is not necessary.

To the extent that a response is necessary, the Defendant denies the allegation.

91.     GAT and the various affiliated entities formed by the Defendants are collectively an enterprise engaged in and whose activities affect interstate commerce. Defendant Massey is employed by or associated with the enterprise.

**ANSWER**:     The Defendant denies the allegations in this paragraph.

92.     Defendant Massey agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiffs and others.

**ANSWER**:     The Defendant denies the allegations in this paragraph.

93.     Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts of mail fraud and wire fraud.

**ANSWER**:     The Defendant denies the allegations in this paragraph.

94.     The acts of mail fraud and wire fraud set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

**ANSWER**:     The Defendant denies the allegations in this paragraph.

95.     Defendant Massey directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

**ANSWER**:     The Defendant denies the allegations in this paragraph.

96.     As a direct and proximate result of the Defendant Massey's racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiffs have been injured in their business and property, in that they have lost more than Three Million, Three Hundred Twenty One Thousand, Three Hundred Ninety-Nine U.S. Dollars ($3,321,399 USD), for example, in addition to other damages for which Defendants' unlawful conduct is the but for cause.

**ANSWER**:     The Defendant denies the allegations in this paragraph.

## COUNT III – FRAUD

## AGAINST DEFENDANT SYLLANTAVOS

97.     Plaintiffs hereby incorporate by reference the allegations in paragraphs one through sixty-six of this Complaint as if repeated again here verbatim.

**ANSWER:**     No response is necessary to this paragraph. To the extent that a response may be necessary, Defendant reincorporates by reference all prior responses as if repeated verbatim.

98.     This claim is pled in the alternative or in addition to the other claims asserted in this Complaint.

**ANSWER:**     This paragraph contains a legal conclusion, to which no response is necessary. To the extent that a response may be necessary, Defendant denies the allegations in this paragraph.

99.     Defendant Syllantavos knowingly made false statements to the Plaintiffs.

**ANSWER:**     This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

100.     Defendant Syllantavos made false promises to the Plaintiffs with no intent to ever fulfill or honor those promises at the time they were made.

**ANSWER:**     This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

101.     Defendant Syllantavos intended for the Plaintiffs to rely upon Defendant Syllantavos' knowingly false statements and his knowingly false promises.

**ANSWER:**     This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

102.     Plaintiffs did in fact reasonably rely upon Defendant Syllantavos' knowingly false statements.

**ANSWER:**     This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

103.     Plaintiffs have been and continue to be damaged as direct and proximate result of Defendant Syllantavos' knowingly false statements and Plaintiffs' reasonable reliance on them.

**ANSWER:**     This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

## COUNT IV – FRAUD IN THE INDUCEMENT
## AGAINST DEENDANT SYLLANTAVOS

104.    Plaintiffs hereby incorporate by reference the allegations in paragraphs one through sixty-six of this Complaint as if repeated again here verbatim.

**ANSWER:**    No response is necessary to this paragraph. To the extent that a response may be necessary, Defendant reincorporates by reference all prior responses as if repeated verbatim.

105.    This claim is pled in the alternative or in addition to the other claims asserted in this Complaint.

**ANSWER:**    This paragraph contains a legal conclusion, to which no response is necessary. To the extent that a response may be necessary, Defendant denies the allegations in this paragraph.

106.    Defendant Syllantavos knowingly made false statements to the Plaintiffs and false promises to the Plaintiffs with no intent at the time to ever fulfill them in order to induce the Plaintiffs into wiring money into accounts pursuant to Defendant Syllantavos' instructions.

**ANSWER:**    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

107.    Defendant Syllantavos intended for the Plaintiffs to rely upon Defendant Syllantavos' knowingly false statements.

**ANSWER:**    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

108.    Plaintiffs did in fact reasonably rely upon Defendant Syllantavos' knowingly false statements.

**ANSWER:**    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

109.    But for Defendant Syllantavos' knowingly false statements, the Plaintiffs would never have wired their money into accounts pursuant to Defendant Syllantavos' instructions.

**ANSWER:**    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

110.    Plaintiffs have been and continue to be damaged as direct and proximate result of Defendant Syllantavos' knowingly false statements and Plaintiffs' reasonable reliance on them.

**ANSWER:** This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

## COUNT V – BREACH OF FIDUCIARY DUTIES
## AGAINST DEFENDANT SYLLANTAVOS

111. Plaintiffs hereby incorporate by reference the allegations in paragraphs one through sixty-six of this Complaint as if repeated again here verbatim.

**ANSWER:** No response is necessary to this paragraph. To the extent that a response may be necessary, Defendant reincorporates by reference all prior responses as if repeated verbatim.

112. This claim is pled in the alternative or in addition to the other claims asserted in this Complaint.

**ANSWER:** This paragraph contains a legal conclusion, to which no response is necessary. To the extent that a response may be necessary, Defendant denies the allegations in this paragraph.

113. Based on all the facts and circumstances relevant to this civil action, Defendant Syllantavos owed fiduciary duties to the Plaintiffs in connection with the investment opportunity that Defendant Syllantavos touted in order to entice Plaintiffs and to obtain the various wire transfers of the Plaintiffs' funds.

**ANSWER:** This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

114. Defendant Syllantavos breached the fiduciary duties that he owed to the Plaintiffs.

**ANSWER:** This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

115. Plaintiffs were damaged and continue to be damaged as a direct and proximate result of Defendant Syllantavos' breaches of the fiduciary duties that he owed to the Plaintiffs.

**ANSWER:** This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

## COUNT IV – AIDING AND ABETTING BREACH OF FIDCUCIARY DUTY
## AGAINST DEFENDANT MASSEY

116. Plaintiffs hereby incorporate by reference the allegations in paragraphs one through sixty-six of this Complaint as if repeated again here verbatim.

**ANSWER:** No response is necessary to this paragraph. To the extent that a response may be necessary, Defendant reincorporates by reference all prior responses as if repeated verbatim.

117. This claim is pled in the alternative or in addition to the other claims asserted in this Complaint.

**ANSWER:** This paragraph contains a legal conclusion, to which no response is necessary. To the extent that a response may be necessary, Defendant denies the allegations in this paragraph.

118. Defendant Massey knowingly aided and abetted Defendant Syllantavos in breaching the fiduciary duties owed to the Plaintiffs.

**ANSWER:** Defendant denies the allegations in this paragraph.

119. Plaintiffs were damaged and continue to be damaged as a direct and proximate result of Defendant Massey's aiding and abetting Defendant Syllantavos' breaches of the fiduciary duties that he owed to the Plaintiffs.

**ANSWER:** Defendant denies the allegations in this paragraph.

## COUNT VII – CONVERSION
## AGAINST ALL DEFENDANTS

120. Plaintiffs hereby incorporate by reference the allegations in paragraphs one through sixty-six of this Complaint as if repeated again here verbatim.

**ANSWER:** No response is necessary to this paragraph. To the extent that a response may be necessary, Defendant reincorporates by reference all prior responses as if repeated verbatim.

121. This claim is pled in the alternative or in addition to the other claims asserted in this Complaint.

**ANSWER:** This paragraph contains a legal conclusion, to which no response is necessary. To the extent that a response may be necessary, Defendant denies the allegations in this paragraph.

122. Defendants have unlawfully exercised dominion and control over discrete funds that the Plaintiffs entrusted Defendants to protect and to use only for the specific purposes for which the Plaintiffs wired those specific and discrete trust funds to the Defendants.

**ANSWER:** Defendant denies the allegations in this paragraph.

123. Defendants took and converted Plaintiffs' funds for their own use.

**ANSWER:**     Defendant denies the allegations in this paragraph.

124.     Defendants' actions constitute conversion of Plaintiffs' property.

**ANSWER:**     Defendant denies the allegations in this paragraph.

125.     Plaintiffs were damaged by Defendants' conversion.

**ANSWER:**     Defendant denies the allegations in this paragraph.

126.     Defendants are liable to the Plaintiffs for all available statutorily enhanced damages, including, for example, treble damages and attorney fees under Michigan statutory law, MCL 600.2919a.

**ANSWER:**     Defendant denies the allegations in this paragraph.

<u>COUNT VIII – CIVIL CONSPIRACY</u>
<u>AGAINST DEFENDANTS SYLLANTAVOS AND MASSEY</u>

127.     Plaintiffs hereby incorporate by reference the allegations in paragraphs one through sixty-six of this Complaint as if repeated again here verbatim.

**ANSWER:**     No response is necessary to this paragraph. To the extent that a response may be necessary, Defendant reincorporates by reference all prior responses as if repeated verbatim.

128.     This claim is pled in the alternative or in addition to the other claims asserted in this Complaint.

**ANSWER:**     This paragraph contains a legal conclusion, to which no response is necessary. To the extent that a response may be necessary, Defendant denies the allegations in this paragraph.

129.     Defendant Massey acted in concert with Defendant Syllantavos and conspired together collectively to commit fraud, breach of fiduciary duty, and conversion.

**ANSWER:**     Defendant denies the allegations in this paragraph.

130.     Defendant Massey and Defendant Syllantavos engaged in an actionable civil conspiracy and are jointly and severally liable to the Plaintiffs.

**ANSWER:**     Defendant denies the allegations in this paragraph.

## COUNT IX – DECLARATORY JUDGMENT
## AGAINST ALL DEFENDANTS

131.     Plaintiffs hereby incorporate by reference the allegations in paragraphs one through sixty-six of this Complaint as if repeated again here verbatim.

**ANSWER:**     No response is necessary to this paragraph. To the extent that a response may be necessary, Defendant reincorporates by reference all prior responses as if repeated verbatim.

132.     This claim is pled in the alternative or in addition to the other claims asserted in this Complaint.

**ANSWER:**     This paragraph contains a legal conclusion, to which no response is necessary. To the extent that a response may be necessary, Defendant denies the allegations in this paragraph.

133.     Based on all of the facts and circumstances relevant to this civil action, there is a genuine case and controversy concerning the rights, duties, and relationships of the parties for which a declaratory judgment is appropriate and warranted.

**ANSWER:**     Defendant denies the allegations in this paragraph.

134.     Defendants have used a number of entities including Defendant GAT for their own purposes and as a means to perpetuate a fraud upon the Plaintiffs and to obtain money under false pretenses and then use a series of purportedly separate entities to obfuscate and dissipate Plaintiff's money for their own personal purposes and their own personal gain.

**ANSWER:**     Defendant denies the allegations in this paragraph.

135.     Based on all of the facts and circumstances relevant to this civil action, the so-called corporate separateness of Defendant GAT should be disregarded and Defendant Syllantavos and Defendant Massey should be held personally liable on a joint and several basis for all debts and obligations owed by GAT and/or GAT's affiliated entities to the Plaintiffs.

**ANSWER:**     Defendant denies the allegations in this paragraph.

136.     Under all of the facts and circumstances relevant to this civil action, Plaintiffs are entitled to a declaratory judgment to the effect that all Defendants are jointly and severally liable for all obligations owed to the Plaintiffs by Defendant GAT including any judgment in this civil action.

**ANSWER:**     Defendant denies the allegations in this paragraph.

## COUNT X – DECLARATORY JUDGMENT
## AGAINST DEFENDANT SYLLANTAVOS

137.    Plaintiffs hereby incorporate by reference the allegations in paragraphs one through sixty-six of this Complaint as if repeated again here verbatim.

**ANSWER:**     No response is necessary to this paragraph. To the extent that a response may be necessary, Defendant reincorporates by reference all prior responses as if repeated verbatim.

138.    This claim is pled in the alternative or in addition to the other claims asserted in this Complaint.

**ANSWER:**     This paragraph contains a legal conclusion, to which no response is necessary. To the extent that a response may be necessary, Defendant denies the allegations in this paragraph.

139.    Based on all of the facts and circumstances relevant to this civil action, there is a genuine case and controversy concerning the rights, duties, and relationships of the parties for which a declaratory judgment is appropriate and warranted.

**ANSWER:**     This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

140.    Plaintiffs and Defendants intended and in fact entered into a joint venture wherein Plaintiffs would invest capital into the parties' joint venture and entrusted Defendant Syllantavos to protect the Plaintiffs' money and to ensure that the Plaintiffs' best financial interests were promoted and protected.

**ANSWER:**     This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

141.    Plaintiffs and Defendant Syllantavos had an express or implied agreement to carry out their joint venture as an association among them and as a single enterprise for profit; Plaintiff and Defendant Syllantavos manifested an intent to be associated as joint venturers; there was a joint interest reflected in the contribution of property, finances, effort, skill or knowledge by each party to the joint venture; the was a measure of proprietorship in which Plaintiffs entrusted Defendant Syllantavos with control of the enterprise; and there was an intent to provide for the sharing of profits.

**ANSWER:**     This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

142.     Based on all of the facts and circumstances relevant to this civil action, Plaintiffs and Defendants were legally associated in a joint venture, whether in fact or as implied by law, as joint venturers, such that Defendant Syllantavos owed fiduciary duties to the Plaintiffs and is personally liable to the Plaintiffs as his fellow joint venturers on behalf of himself personally and on behalf of GAT.

**ANSWER:**     This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

## COUNT XI – BREACH OF EXPRESS OR IMPLIED CONTRACT AGAINST DEFENDANT SYLLANTAVOS

143.     Plaintiffs hereby incorporate by reference the allegations in paragraphs one through sixty-six of this Complaint as if repeated again here verbatim.

**ANSWER:**     No response is necessary to this paragraph. To the extent that a response may be necessary, Defendant reincorporates by reference all prior responses as if repeated verbatim.

144.     This claim is pled in the alternative or in addition to the other claims asserted in this Complaint.

**ANSWER:**     This paragraph contains a legal conclusion, to which no response is necessary. To the extent that a response may be necessary, Defendant denies the allegations in this paragraph.

145.     Plaintiffs and Defendant Syllantavos were parties to an express and/or implied contract concerning the formation of a separate and new joint venture business partnership among them.

**ANSWER:**     This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

146.     Defendant Syllantavos breached the parties' express and/or implied contract concerning the formation of a separate and new joint venture business partnership among them.

**ANSWER:**     This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

147.     Plaintiffs have been and continue to be damaged as a direct and proximate result of Defendant Syllantavos' breaches.

**ANSWER:** This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

## COUNT XII – BREACH OF "PROMISSORY NOTE" CONTRACT
## PLAINTIFF MOILANEN AGAINST DEFENDANT GAT

148. Plaintiffs hereby incorporate by reference the allegations in paragraphs one through sixty-six of this Complaint as if repeated again here verbatim.

**ANSWER:** No response is necessary to this paragraph. To the extent that a response may be necessary, Defendant reincorporates by reference all prior responses as if repeated verbatim.

149. This claim is pled in the alternative or in addition to the other claims asserted in this Complaint.

**ANSWER:** This paragraph contains a legal conclusion, to which no response is necessary. To the extent that a response may be necessary, Defendant denies the allegations in this paragraph.

150. Plaintiff Moilanen and Defendant GAT are parties to a written Promissory Note.

**ANSWER:** This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

151. Defendant GAT breached the Promissory Note.

**ANSWER:** This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

152. Plaintiff Moilanen has been damaged as a direct and proximate result of Defendant GAT's breaches of the Promissory Note.

**ANSWER:** This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

## COUNT XIII – BREACH OF LOAN CONTRACT
## PLAINTIFF TALMERS AGAINST DEFENDANT SYLLANTAVOS

153. Plaintiffs hereby incorporate by reference the allegations in paragraphs one through sixty-six of this Complaint as if repeated again here verbatim.

**ANSWER:** No response is necessary to this paragraph. To the extent that a response may be necessary, Defendant reincorporates by reference all prior responses as if repeated verbatim.

154.    This claim is pled in the alternative or in addition to the other claims asserted in this Complaint.

**ANSWER:**    This paragraph contains a legal conclusion, to which no response is necessary. To the extent that a response may be necessary, Defendant denies the allegations in this paragraph.

155.    Plaintiff Talmers and Defendant Syllantavos are parties to a loan contract.

**ANSWER:**    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

156.    Defendant Syllantavos breached the loan contract with Plaintiff Talmers.

**ANSWER:**    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

157.    Plaintiff Talmers has been damaged as a direct and proximate result of Defendant Syllantavos' breaches.

**ANSWER:**    This paragraph is not directed at the Defendant and does not require a response from him. To the extent that a response is required, the Defendant denies the allegation.

## PRAYER FOR RELIEF

This section contains a legal conclusion, to which no response is necessary. To the extent a response is necessary, Defendant denies that the Plaintiffs are entitled to a judgment in their favor, or any damages.

## JURY DEMANDS

This section contains a legal conclusion, to which no response is necessary.

## AFFIRMATIVE DEFENSES

1.    As a first affirmative defense, Defendant avers that Plaintiff's complaint fails to state a claim upon which relief can be granted.

2.    As a first affirmative defense, Defendant avers that Plaintiffs' complaint fails to state a cognizable cause of action upon which relief can be granted.

3.      As a third affirmative defense, Defendant avers that the Plaintiffs' claims are barred by Plaintiff's own culpable conduct, other acts, omissions, or failure to act.

4.      As a fourth affirmative defense, Defendant avers that the Plaintiffs' claims were the result of conditions, circumstances, or conduct of parties beyond the Defendant's control.

5.      As a fifth affirmative defense, Defendant avers that Plaintiffs' claims are barred by the doctrines of laches, waiver, and/or estoppel.

Wherefore, Defendant Massey respectfully requests judgment dismissing the Plaintiffs' Complaint, together with costs and disbursements of this action, and any expenses incurred by them in the defense thereof, including attorney's fees.

Dated: December  8, 2025

Respectfully submitted,

*/s/ Gabe Slater*
Gabe Slater
Bar No. 6339692
Hicks Johnson PLLC
353 N. Clark St., Suite 1760
Chicago, Illinois 60654
Tel: 312-530-7060
gslater@hicksjohnson.com
**ATTORNEY FOR DEFENDANTS**

*/s/ George M. Chalos*
George M. Chalos
Chalos & Co, P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771
Tel: 516-714-4300
gmc@chalolaw.com
**ATTORNEY FOR DEFENDANTS**
***Pro Hac Vice forthcoming***

**CERTIFICATE OF SERVICE**

I certify that on December 8, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Northern District of Illinois to all counsel of record.

/s/ *Gabe Slater*