**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | |
|---|---|
| TODD MOILANEN and NICHOLAS TALMERS,<br>    Plaintiffs,<br><br>v.<br><br>DIMITRI SYLLANTAVOS, TODD MASSEY, and GLOBAL AMERICAN TRANSPORT, LLC | Case No.: 1:25-cv-13515<br><br>Judge: Charles P. Kocoras<br><br>JUTY TRIAL DEMAND |

**DEFENDANT DIMITRI SYLLANTAVOS' MOTION FOR JUDGMENT ON THE PLEADINGS AND INCORPORATED MEMORANDUM OF LAW**

    NOW COMES Defendant DIMITRI SYLLANTAVOS ("SYLLANTAVOS"), by and through undersigned counsel, HICKS JOHNSON PLLC and CHALOS & CO, P.C., and pursuant to Federal Rule of Civil Procedure 12(c), respectfully moves this Court to issue a judgment on the pleadings, dismissing Plaintiffs' claims in I-XI and XIII, in their entirety with prejudice, and grant such other relief as the Court deems just and proper. In support thereof, Defendant SYLLANTAVOS provides the following memorandum of law:

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... iii
**INTRODUCTION** ....................................................................................................................... 1
**PROCEDURAL HISTORY** ........................................................................................................ 1
    **I.    Plaintiffs fail to plead a civil RICO claim** ................................................................... 4
        **A.    Elements of a RICO claim.** ..................................................................... 4
        **B.    Plaintiffs fail to establish sufficient conduct for a RICO charge.** ............................. 4
        **C.    Plaintiffs fail to identify a RICO enterprise.** ............................................... 6
        **D.    Plaintiffs fail to establish a pattern of racketeering activity.** ................................... 8
    **II.    Plaintiffs fail to state a claim for conversion.** ........................................................... 10
    **III.    Plaintiffs fail to plead a cognizable contract from which any obligations could be breached.** ................................................................................................................... 10
**CONCLUSION** ........................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Cases**

*Amerikal Prods. Corp. v. Cave*, 2025 U.S. Dist. LEXIS 129147 .................................................. 8

*Ashcroft v. Iqbal*, 556 U.S. 662 .................................................................................................. 2,6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 .................................................................................. 2,6

*Boyle v. United States*, 556 U.S. 938 ............................................................................................ 7

*Calavan v. First Love Int'l* 590 F. Supp. 3d 1140 ....................................................................... 5,7

*Chavin v. Cole Taylor Bank*, 2007 U.S. Dist. LEXIS 10483 ..................................................... 9,10

*Fitzgerald v. Chrysler Corp.*, 116 F.3d 225 .................................................................................. 7

*Jennings v. Auto Meter Prods.*, 495 F.3d 466 ............................................................................... 8

*Jepson, Inc. v. Makita Corp.*, 34 F. 3d 1321 ................................................................................. 5

*Lipin Enterprises, Inc. v. Lee*, 803 F.2d 322 ................................................................................. 9

*McCullough v. Suter,* 757 F.2d 142 ............................................................................................... 7

*Mt. Hawley Ins. Co. v. Persaud USA Prop. Holdings LLC*, 748 F. Supp. 3d 223 ......................... 3

*Schimandle v. DeKalb County Sheriff's Office*, 2023 U.S. Dist. LEXIS 85384 (N.D.IL 2023) ..... 2

*Sedima v. Imrex Co.*, 473 U.S. 479 ................................................................................................ 4

*Wolf v. Riverport Ins. Co.*, 132 F.4th 515 ...................................................................................... 2

**Statutes**

18 U.S.C. § 1341............................................................................................................................. 5

18 U.S.C. § 1343............................................................................................................................. 5

18 U.S.C. § 1961............................................................................................................................. 5

18 U.S.C. § 1962............................................................................................................................. 8

18 U.S.C. §1961(3) ........................................................................................................................ 6

18 U.S.C. §1962(a) ........................................................................................................................ 7

FRCP 12(c) ..................................................................................................................................... 2

FRCP 9(b) ....................................................................................................................................... 3

NOW COMES Defendant DIMITRI SYLLANTAVOS ("SYLLANTAVOS"), by and through undersigned counsel, HICKS JOHNSON PLLC and CHALOS & CO, P.C., and pursuant to Federal Rule of Civil Procedure 12(c), moves this Court to issue a judgment on the pleadings, denying all of Plaintiff's sought relief. In support thereof, Defendant states:

## INTRODUCTION

Plaintiffs Todd Moilanen and Nicholas Talmers ("Plaintiffs") filed a lawsuit alleging thirteen (13) different causes of action to attempt to undo their financial investment in defendant shipping company GAT. Careful review of the pleadings, however, discloses that Plaintiffs have failed to allege necessary facts for these causes of action with the with the specificity required to make out grounds for liability, particularly under F.R.C.P. 9(b)'s heightened standard for fraud. The Civil RICO allegations under 18 U.S.C. § 1962 fail to allege the facts of the predicate offenses or describe a RICO enterprise. Plaintiffs' conversion claims do not satisfy the requirements under Michigan Law and are barred by Illinois law under which conversion claims may not be brought for wire transfers. Plaintiffs' claims relying on contract fall short of alleging a contract with sufficiently definite material terms, on which the parties reached a meeting of the minds. Even if they did, Plaintiffs have failed to allege an agreement that satisfies the applicable requirements of the Statute of Frauds. The remaining claims against Syllantavos, for breaching fiduciary duties, participation in a civil conspiracy, and a request for a declaratory judgment to set aside corporate separateness are all dependent on these three underlying causes of action. As a result, these claims are appropriately resolved by judgment in Defendant Syllatnavos' favor under F.R.C.P. 12(c).

## PROCEDURAL HISTORY

Plaintiffs filed the complaint in this action on November 4, 2025. Doc. No. 1. Defendants filed their answers on December 8, 2025. Doc. Nos. 15-17. Plaintiffs have filed a complaint,

1

Defendants have filed their answers and there have been no further pleadings or requests to amend, the time is now appropriate to bring a motion for judgment on the pleadings. *Schimandle v. DeKalb County Sheriff's Office*, 2023 U.S. Dist. LEXIS 85384 (N.D.IL 2023).

## **LEGAL STANDARD**

A Rule 12(c) motion for judgment on the pleadings is tested with the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. FRCP 12(c); *Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 518 (7th Cir. 2025). For a complaint to survive either motion, it must be plead sufficiently well to show there is a plausible ground for relief for the plaintiff. If this cannot be shown, the complaint must be dismissed. Essentially, Plaintiff must plead their complaint such that, if every one of their allegations are true, they would be able to show that they are entitled to relief. Satisfying this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants must be made aware of what it is they must defend against and must at least allege such facts that elevate a given cause of action or claim from being conceivable to at least plausible. It need not be perfect, but it must be a clear argument with some reasonable possibility of success. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, [570] (2007). A well pleaded complaint sees "the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* 556 U.S. 662, 678.

Federal cases where fraud is an element of a claim require an even higher pleading standard than the generic standards laid out in *Twombly* and *Iqbal*. Federal Rule of Civil Procedure 9(b) establishes that in cases of fraud that the "party must state with particularity the circumstances constituting fraud or mistake." F.R.C.P. 9(b). In the Seventh Circuit, this typically takes the form of pleading the "who, what, when, where, how" of the alleged fraud. *DiLeo v. Ernst & Young*, 901

2

F.2d 624, 627 (7th Cir. 1990). Therefore, if the Plaintiffs cannot sufficiently plead these essential elements of a claim for fraud, it is facially defective and must be dismissed.

What is more, courts in other circuits have observed that a Rule 12(c) motion can be especially useful tools for the court when it comes to a contract dispute:

> "Judgment pursuant to Rule 12(c) can be particularly appropriate in breach of contract cases involving legal interpretations of the obligations of the parties." *VoiceAge Corp. v. RealNetworks, Inc.*, 926 F. Supp. 2d 524, 529 (S.D.N.Y. 2013) (collecting cases). This is because "[t]he initial interpretation of a contract is a question of law for a court." *Id.* "If the contract is unambiguous, the Court may award judgment on the pleadings, assuming no material facts are in dispute." *Neopharm Ltd. v. Wyeth-Ayerst Int'l LLC*, 170 F. Supp. 3d 612, 615 (S.D.N.Y. 2016)

*Mt. Hawley Ins. Co. v. Persaud USA Prop. Holdings LLC*, 748 F. Supp. 3d 223, 229 (S.D.N.Y. 2024).

Here, any facts that are in dispute are only in dispute because they have not been properly alleged by Plaintiffs. This would itself be grounds to deny a positive judgment for the Plaintiffs. Considering all these circumstances together, if on grounds of either a failure to state the grounds for the claim, or that the facts, as pleaded, cannot support a judgment in its favor, those claims must be denied, and judgment granted in Defendants' favor.

## **PLAINTIFF'S RELEVANT ALLEGATIONS**

Plaintiff alleges that Defendants created a scheme of fraud and deceit, to con Plaintiffs and many others into investing into an illusory shipping enterprise. Defendants Syllantavos and Massey are natural persons, and the two highest ranking members of Defendant GAT. Doc. No. 1 ¶ 22.GAT itself is a company with a major interest in performing intercontinental shipping. *Id.* at ¶ 21. Plaintiffs allege that Defendants falsely induced Plaintiffs to repeatedly wire them large sums of money, with no intention of honoring their deal and obligations. *Id.* at ¶ 37. Plaintiffs state,

3

among other allegations, that Defendants engaged in a pattern of "racketeering behavior" and used federal mail and wire services in support of this scheme. *Id.* at ¶¶ 70-77.

## ARGUMENT

### I. Plaintiffs fail to plead a civil RICO claim

#### A. Elements of a RICO claim.

For a plaintiff to succeed on civil RICO allegations, they must establish four elements, "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima v. Imrex Co.*, 473 U.S. 479, 496 (1985). As an elements test, the failure to establish a single one of these is fatal to the claim. While RICO is intended to be read broadly, courts have cautioned against use of civil RICO claims, so that they do not replace simple and traditional claims in business disputes.

Here, Plaintiffs' Complaint falls far short of adequately alleged RICO claim. In fact, the only element that Plaintiffs appear to allege is that GAT and its constituent board members had a pattern of contacting Plaintiffs through mail and telecommunications services. These are woefully insufficient to establish a claim of fraud, and certainly not enough to establish the type of organized crime that the RICO statutes were created to address.

#### B. Plaintiffs fail to establish sufficient conduct for a RICO charge.

Plaintiffs have utterly failed to allege a RICO scheme, with the totality of their allegations being vague and conclusory allegations that they have committed wire and mail fraud. However, these accusations lack any degree of specificity. For example, the closest that Plaintiffs come to specifically identifying any predicate acts for a RICO claim is in Paragraph 77, in which they state that Defendants engaged in mail fraud and wire fraud because "for example, they deployed a plan and scheme to defraud the Plaintiffs and others; the [sic] did so with the intent to defraud; it was reasonably foreseeable that the mail or wires would be used; and Defendants actually used the mail

4

or wires to further their fraudulent scheme." Doc. No. 1 ¶ 77. Plaintiffs are adamant that Defendants engaged in mail fraud and wire fraud to take money from the Plaintiffs and yet do not identify a single communication that is fraudulent, or what about it is fraudulent. Even if Plaintiffs were to argue that all evidence of the alleged fraud were in the Defendants' exclusive control, based on the current pleadings, these would still be insufficient to carry a cause of action. This Court stated in *Calavan v. First Love Int'l Ministries*, "[b]ut the Seventh Circuit in *Jepson* noted 'loose references to mailings and telephone calls' in furtherance of a purported scheme to defraud will not do." *Calavan v. First Love Int'l* 590 F. Supp. 3d 1140.

Plaintiffs allege only in the vaguest terms possible that the Defendants engaged in mail and wire fraud. The extent that Plaintiffs allege mail and wire fraud against Syllantavos is "Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts of mail fraud and wire fraud." Doc. No. 1, ¶ 93. Even when Plaintiffs identify communications between the parties, they make no effort to explain how any of them are even misleading, let alone fraudulent. Given that these are explicitly stated to be the predicate acts for the alleged racketeering scheme, when Plaintiffs state "The predicate acts of 'racketeering activity" under 18 U.S.C. § 1961 of the Civil RICO statute include mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343)" they have completely failed to properly plead any predicate act to base the RICO claims on. Doc. No. 1, ¶ 76. This approach to the predicate acts forming the basis of the RICO claims are in fact, very similar to the attempts made in *Jepson, Inc. v. Makita Corp.*, in which a Taiwanese company accused a Japanese competitor of using a mail and wire fraud racket to denigrate and undermine the sales of their products. There as here, the plaintiffs used a small number of conclusory sentences to argue that simply using mail and telecommunication services could establish a RICO enterprise. *Jepson, Inc. v. Makita Corp.*, 34 F. 3d 1321, 1328 (7th Cir. 1994).

5

Even disregarding the heightened fraud standard applicable from FRCP Rule 9, Plaintiffs have failed to allege their necessary facts under *Twombly* and *Iqbal*. Again, while the pleading standard for those cases do not require that a Plaintiff definitively prove the accuracy of every allegation, those cases do require that the Plaintiffs at least show their allegations could rationally lead someone to conclude that the allegation is true. Here, that is simply missing. Plaintiffs have only stated that Defendants committed multiple acts of some combination of mail and wire fraud. In the limited cases where Plaintiffs do specifically reference individual communications, such as in paragraph 32, Plaintiffs neither state nor provide specific information as to what is fraudulent about it. Even if every allegation about the business of GAT were to be accepted as completely true, Plaintiffs have not alleged any particular piece of evidence or reason to believe that any failures from their investment in GAT was a result of an attempt and intent to defraud or in any other way cause harm.

### C. Plaintiffs fail to identify a RICO enterprise.

Plaintiff must identify an enterprise, to include any individual, partnership, corporation, association, or other legal entity, as well as natural persons to have conducted affairs with the Enterprise. The definition of an enterprise, for the purposes of a RICO claim, is intentionally expansive, but is not limitless. The RICO statute defines an enterprise in relevant part as "any individual, partnership, corporation, association, or other legal entity". 18 U.S.C. §1961(3). The prohibited act of RICO is for "any person who has received any income . . . from a pattern of racketeering activity or through collection of an unlawful debt. . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. §1962(a). Taken together, this requires

that someone engages in racketeering activity, as part of a large-scale scheme, and must include the use of a separate enterprise to do so. Here, it appears that Plaintiffs allege that Defendant GAT is the enterprise through which Defendants are racketeering. However, this falls apart, given that Plaintiffs identify GAT as a person. Therefore, Plaintiffs attempt to use the existence of a corporate person who is a defendant, and two members of the same LLC as an enterprise for RICO purposes. However, "an employer and its employees cannot constitute a RICO enterprise." *Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 226 (7th Cir. 1997). This Court has also observed that "'because you cannot associate with yourself', . . . a RICO plaintiff must 'identify a "person"—i.e. the defendant—that is distinct from the RICO enterprise' and allege that person 'conducted or participated in the conduct of the "enterprise's affairs' not just [its] own affairs". *Calavan v. First Love Int'l Ministries*, 590 F. Supp. 3d 1131, 1138 (N.D.IL 2022) (citing *McCullough v. Suter,* 757 F.2d 142, 144 (7th Cir. 1985)). Therefore, Plaintiffs must establish that the alleged RICO enterprise was comprised of members aside from the alleged enterprise itself. Additionally, the Supreme Court has determined that a RICO enterprise must have "at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). Plaintiffs have failed to establish any of these, given that they never state what the purpose of the alleged enterprise was beyond engaging in mail fraud and wire fraud, they do not clearly identify relationships or specific activities of its alleged members, and they fail to even allude to the duration or longevity of the alleged enterprise.

  Here, Plaintiffs have completely failed to allege a RICO enterprise. They also fail to identify any other corporations or other entities that may be engaged in some sort of large-scale scheme. There are no allegations anywhere else that provide a clear and articulable wider scheme.

The only allegations are that they received wire transfers from allegedly fraudulent communications. They did not identify what the actual scale of an alleged scheme is, what its purpose would be, who actually comprised it outside of the single corporate entity and its employees, or how old or far reaching the alleged scheme is. As a result, there is no possible way for the Plaintiff to prove that there is any kind of racketeering organization, since Plaintiffs appear to rely on Defendants associating with themselves. Plaintiffs in essence have completely failed to allege or establish any association between different entities, aside from GAT and those who are members or employees of it. Therefore, their RICO claim is facially and fatally defective for failing to identify an enterprise that satisfies 18 U.S.C. § 1962.

### D. Plaintiffs fail to establish a pattern of racketeering activity.

For a civil RICO case to even be considered, beyond that of just a "garden variety fraud claim", Plaintiffs must also allege that the Defendants not only committed a single act of fraud, but an ongoing fraudulent scheme, of at least two or more predicate acts, that are related to one another, and that they pose a threat of continued criminal activity. *Amerikal Prods. Corp. v. Cave*, 2025 U.S. Dist. LEXIS 129147, 14-15 (N.D. IL 2025). There are typically two ways for a Plaintiff to prove this "continuity plus relationship test", either a "closed-ended conspiracy that existed for such an extended period of time that a threat of future harm is implicit" or "a open-ended conspiracy that, while short-lived, shows clear signs of threatening to continue into the future." *Id*. at 15.

Additionally, the Seventh Circuit has "repeatedly rejected RICO claims that rely so heavily on mail and wire fraud allegations to establish a pattern." *Jennings v. Auto Meter Prods.*, 495 F.3d 466, 475 (7th Cir. 2007). RICO claims that depend entirely on mail and wire fraud as their predicate acts are extremely hard to prove and are thus heavily disfavored. "Mail fraud and wire fraud are

8

perhaps unique among the various sorts of 'racketeering activity' possible under RICO in that the existence of a multiplicity of predicate acts. . . may be no indication of the requisite continuity of the underlying fraudulent activity. Thus, a multiplicity of mailings does not necessarily translate directly into a 'pattern' of racketeering activity." *Lipin Enterprises, Inc. v. Lee*, 803 F.2d 322, 325 (7th Cir. 1986). Even if taken as absolutely true, allegations of one or two instances of mail fraud and wire fraud are likely not enough to support this RICO claim. Plaintiffs struggled to identify any actual instances of fraud as their single type of predicate act and therefore cannot hope to establish the continuity necessary to demonstrate that the Defendants indeed engaged in a racketeering enterprise.

Here, Plaintiffs have failed to allege a single instance of a fraudulent communication or transaction beyond a bald assertion that they happened. Even if taken at face value that any of the communications between Plaintiffs and Syllantavos being untrue, they have made no showing that there was an actual intent to do so. Even if they did, they make no showing that there is a threat of future harm.

The seventh circuit has previously examined four factors to assess whether allegedly racketeering activity satisfies the continuity-plus-relationship test: 1) the number and variety of predicate acts and the timespan in which they are committed; 2) the number of victims; 3) the presence of separate schemes; and 4) the occurrence of distinct injuries. *Chavin v. Cole Taylor Bank*, 2007 U.S. Dist. LEXIS 10483, 9 (N.D.Il 2007). Plaintiffs make a poor showing on each of these factors, based on their complaint. The only predicate acts which they even attempt to allege are mail and wire fraud (already weak ground for a 7th Circuit RICO case), the identify a total of two individuals harmed (the plaintiffs themselves), and identify no other schemes or distinct injuries. Keeping these factors in mind, Plaintiffs cannot make out a RICO claim, as "multiple acts

9

in furtherance of a single injury against a single victim cannot constitute a 'pattern' racketeering activity for RICO purposes." *Id.* at 10. While there are technically two alleged victims here, Plaintiffs seem to allege that they were working in concert. Realistically, this means that even if any fraud occurred, it would have been towards a single unit, and not the wide-reaching scheme that RICO is intended to combat. The overwhelming weight of the deficiencies in the complaint renders the finding of continuity for a RICO enterprise impossible.

Even if they were fraudulent communications, which they are not, they make no indication that there is a threat of these creating a possibility of future harm. It is crucial for a RICO claim for there to be a showing of long term, recurring criminal harm to society at large. Plaintiffs have only alleged that their investment did not perform favorably in a time characterized by international uncertainty.

In sum, Plaintiffs have utterly failed to allege a facially viable RICO claim. They relied exclusively on explicitly disfavored predicate acts, and have failed to properly allege even them. For that reason, any relief on claims related to the RICO statutes must be denied.

## II. **Plaintiffs fail to state a claim for conversion.**

Defendant Syllantavos incorporates by reference and adopts the arguments made by Defendant GAT in subsection I at pages 4 through 8 of its contemporaneous Motion for Judgment on the Pleadings as his own and for those same reasons asks for judgment in his favor of the Conversion claim brought in Count VII.

## III. **Plaintiffs fail to plead a cognizable contract from which any obligations could be breached.**

Defendant Syllantavos incorporates by reference and adopts the arguments made by Defendant GAT in subsection I at pages 9 through 15 of its contemporaneous Motion for Judgment on the

10

Pleadings as is his own, with the exception that Counts III, IV, V, VIII, XI and XIII are brought directly against Syllantavos, and for those same reasons asks for judgment in his favor for Counts III, IV, V, VIII, XI and XIII, and any other claims that this honorable Court determines to be dependent on the existence of a legally enforceable contract.

## CONCLUSION

For the foregoing reasons, Defendant Syllantavos respectfully requests that this Court grant its Motion for Judgment on the Pleadings pursuant to Fed Rules Civ Proc R 12(c), dismiss Plaintiff's claims in I-XI and XIII in their entirety with prejudice, and grant such other relief as the Court deems just and proper.

Dated: February 12, 2026　　　　　　　　Respectfully Submitted,

By: */s/ Gabriel W. Slater*
Gabriel W. Slater
Illinois Bar No. 6339692
Hicks Johnson PLLC
353 N. Clark Street, Suite 1760
Chicago, Illinois 60654
(312) 530-7060
gslater@hicksjohnson.com
*Attorney for Defendants*

By: */s/ George M. Chalos*
George M. Chalos
Chalos & Co, P.C.
55 Hamilton Ave
Oyster Bay, NY 11771
(516) 714-4300
gmc@chaloslaw.com
*Pro Hac Vice Attorney for Defendants*

By: */s/ Benjamin Robinson*
Benjamin Robinson
Chalos & Co, P.C.
7210 Tickner Street
Houston, TX 77055
(713) 574-1133

brobinson@chaloslaw.com
*Pro Hac Vice Attorney for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 12, 2026, a true and correct copy of the foregoing **Defendant Dimitri Syllantavos' Motion for Judgment on the Pleadings** was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system.

/s/ *Gabe Slater*